**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SPRINGFIELD, INC. d/b/a
SPRINGFIELD ARMORY,

Plaintiff and
Counterclaim Defendant,

v.

KIMBER MFG., INC.,

Defendant and
Counterclaim Plaintiff.

JURY TRIAL DEMAND

Case No. 7:26-cv-05497-NSR- AEK

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

The Parties to this Stipulation and Protective Order have agreed to the terms of this Order; accordingly, it is so ORDERED:

WHEREAS plaintiff and counterclaim defendant SPRINGFIELD, INC. d/b/a SPRINGFIELD ARMORY ("Plaintiff" or "Springfield Armory") and defendant and counterclaim plaintiff KIMBER MFG., INC. ("Defendant" or "Kimber") (each a "Party" and together the "Parties") are the parties to the above-captioned action (the "Action"); and

WHEREAS the Parties have jointly requested that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that has been and will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties each design, manufacture, market, and sell firearms to consumers in the United States, and discovery in this Action is likely to involve the exchange of highly sensitive, non-public business, financial, and technical information, the disclosure of which to the

other Party could cause significant competitive harm to the Producing party, such that a second tier of protection limiting access to outside counsel and certain other persons is warranted; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case may involve confidential documents or information the public disclosure of which under applicable legal principles will cause harm to the Producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored protective order governing the pretrial phase of this Action.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and through the Parties' undersigned attorneys in the Action, pursuant to Fed. R. Civ. P. 26 (c)(1) and 29, as follows:

1. This Protective Order is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter "Documents," "Testimony," or collectively "Discovery Material"). Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter, collectively, "Designated

Material," and individually "Confidential Discovery Material" and "AEO Discovery Material," respectively) shall not disclose such Designated Material to anyone else except as expressly permitted hereunder.

2. (a) The Producing party may designate as "Confidential," and "Confidential Information" shall mean, any Discovery Material, or portion thereof, that the Producing party believes in good faith contains proprietary business information, sensitive information, or personal information within subcategories (i) through (viii) below. Within five (5) days of a request being made by the Receiving party for the basis upon which a confidentiality designation has been assigned by the Producing party to a document or group of documents, the Producing party shall advise the Receiving party of the basis upon which the designation has been made. The following are categories that the Parties agree may be designated as Confidential Information: (i) trade secrets and other confidential research, design, development, or technical information; (ii) non-public financial information, including sales, revenue, cost, margin, and profit information; (iii) non-public marketing, advertising, promotional, and business strategy information, including marketing plans and budgets; (iv) customer, dealer, distributor, retailer, and supplier lists and related non-public information; (v) non-public pricing, cost, and sales terms; (vi) information received in confidence from third parties; (vii) private or confidential personal information, including personnel records; and (viii) any other information that the Producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or that is hereinafter given confidential status by the Court upon application from the disclosing Party.

(b) The Producing party may designate as "Highly Confidential – Attorneys' Eyes Only" ("AEO") any Discovery Material, or portion thereof, that qualifies as Confidential

Information and that the Producing party believes in good faith contains highly sensitive business, financial, technical, or personal information, the disclosure of which to another Party, even under the restrictions applicable to Confidential Information, is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing party. By way of example and not limitation, AEO information may include non-public sales, revenue, cost, margin, and profit data; non-public pricing and dealer, distributor, or retailer terms; customer, dealer, and supplier lists; non-public marketing, advertising, and business plans and strategies; and unreleased product plans or designs.

(c) "Producing party" shall mean the parties to this Action and any third-parties producing Discovery Material in connection with depositions, document production or otherwise, or the party asserting the confidentiality designation, as the case may be.

(d) "Receiving party" shall mean the party to this Action and/or any non-party receiving Discovery Material in connection with depositions, document production or otherwise.

3. This Protective Order applies to Discovery Material produced by any non-party in response to a subpoena issued in this Action pursuant to Federal Rule of Civil Procedure 45. Any such non-party may designate Discovery Material under this Protective Order and shall be entitled to the same protections, and shall have the same rights, as a Producing party hereunder. A Party serving a subpoena on a non-party shall provide the non-party with a copy of this Protective Order.

4. With respect to the protected portion of any Discovery Material other than deposition transcripts and exhibits, the Producing party or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that it deems in good faith and under applicable legal principles is entitled to such protection under this Protective Order. Such designation may be made by stamping or otherwise clearly marking as "Confidential"

or "Highly Confidential – Attorneys' Eyes Only," as applicable, each page of the protected Discovery Material in a manner that will not interfere with legibility or audibility. All Discovery Material designated as "Confidential" shall be treated as Confidential Discovery Material, and all Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" shall be treated as AEO Discovery Material.

5. With respect to deposition transcripts, a Producing party or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential or AEO information,; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the final deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or AEO,. During the 30-day period following receipt of the final transcript, the entire deposition transcript will be treated as if it had been designated "Highly Confidential – Attorneys' Eyes Only."

6. If at any time prior to the trial of this Action, a Producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation, or with a lower level of designation, should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," she, he, or it may so designate by promptly apprising all prior recipients of the Discovery Material in writing and identifying with particularity the information to be designated and the level of designation (the "clawback notification"). Thereafter, such designated portion(s) of the Discovery Material will be deemed to be and treated as designated under the terms of this Protective Order. In response, the Receiving party may either appropriately mark or request substitute production of the newly designated information. Within 30 days of receiving the clawback notification, the Receiving party must (1) certify to the Producing party that it has

appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving party was under no duty of confidentiality under the terms of this Protective Order regarding that information, reasonably provide as much information as practicable to aid the Producing party in protecting the information, consistent with the Receiving party's attorney-client, work-product, and/or trial-preparation privileges. Disclosure of such Discovery Material prior to receipt of the clawback notification shall not be deemed a violation of this Protective Order.

7. If, at any time, a Producing party discovers that it produced information that it reasonably believes is subject to protection under the attorney-client privilege, work-product doctrine, or trial-preparation protection, then it must promptly notify each Receiving party of the claim for protection and the basis for it, amend its privilege log, if applicable, accordingly, and comply with Federal Rule of Civil Procedure 26(b)(5). Whenever possible, the Producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving party must thereupon comply with Federal Rule of Civil Procedure 26(b)(5)(B) as to the information subject to the claimed protection. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected information, whether inadvertent or otherwise, shall not constitute a waiver of such privilege or protection in this Action or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If a party exercises its clawback right hereunder, the Receiving party may not refuse to return the information or refuse to otherwise treat it as privileged on the ground that the Receiving party disputes the privilege claim. Instead, the Receiving party must return the material and otherwise honor the privilege claim unless and until the Court rules

the information is not privileged. In moving for any such order, the Receiving party may not use the information to which a privilege claim is being asserted but must move on grounds and information it would possess had the claim of privilege been made without inadvertently producing the underlying allegedly privileged information.

8. Except with the prior written consent of the Producing party or by Order of the Court, no person subject to this Protective Order other than the Producing party shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) outside counsel of record for the Parties in this Action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(b) in-house counsel of the Parties who are assisting in the conduct of this Action;

(c) officers, directors, and employees of a Party, but only to the extent counsel determines in good faith that such person's assistance is reasonably necessary to the conduct of this Action;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e) any mediator or arbitrator that the Parties engage in this matter or that the Court appoints;

(f) as to any document and/or communication, its author, its addressee, and any other person indicated on the face of the document as having received a copy (not including a person who received the document in the course of this litigation);

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided that (i) the identity of such witness has been disclosed to the Producing party at least five (5) business days before such witness is permitted to review any Confidential Discovery Material, such that the Producing party has a reasonable opportunity to object to such disclosure, and (ii) such witness shall not retain any copy of Confidential Discovery Material. If the Producing party objects within that five (5) business day period, the Confidential Discovery Material shall not be disclosed to such witness until the objection is resolved by agreement of the Parties or by the Court;

(h) any consultant or expert retained by a Party or its counsel to assist in the preparation and trial of this Action, who is not a current officer, director, or employee of a Party or of a competitor of a Party;

(i) stenographers and videographers engaged to transcribe or record depositions conducted in this Action;

(j) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(k) any other person agreed to in writing by the Producing party.

9. Except with the prior written consent of the Producing party or by Order of the Court, no person subject to this Protective Order other than the Producing party shall disclose any AEO Discovery Material to any other person whomsoever, except to the persons identified in subparagraphs (a), (b), (d), (e), (f), (h), (i), (j), and (k) of the preceding paragraph, and to any witness at deposition or trial who is (i) an author, addressee, or recipient of the AEO Discovery Material (not including a person who received it in the course of this litigation), or (ii) a current officer, director, employee, or Rule 30(b)(6) designee of the Producing party. For the avoidance

of doubt, AEO Discovery Material shall not be disclosed to the persons identified in subparagraph (c) (officers, directors, and employees of a Party) of Paragraph 8.

10. Nothing in this Protective Order shall prevent or otherwise restrict counsel of record from rendering advice to their respective clients and, in the course thereof, relying generally on counsel's examination of Designated Material; provided, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any Designated Material or its contents except as otherwise permitted by this Protective Order.

11. Prior to disclosure of any Designated Material to any person identified in subparagraphs (b) (c), (d), (f), (g), (h), or (k) of Paragraph 8, the person making the disclosure must inform the person to whom the Designated Material is disclosed that disclosure to and by them is subject to this Protective Order.

12. Any Party who objects to the designation of any Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may, at any time prior to the trial of this Action, serve upon counsel for the Producing party a written notice stating with particularity the grounds of the objection. Upon service of such notice, the Parties shall confer in an attempt to resolve the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with the Court's Individual Practices in Civil Cases. The Party claiming the benefit of confidentiality shall bear the burden of establishing the propriety of the designation and level of protection. Unless and until the objection is resolved by the Parties or ruled upon by the Court, the designated Discovery Material will remain protected under this Protective Order at the level designated. The failure of any Party to object to a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

13. Recipients of Designated Material under this Protective Order may use such material solely for the prosecution, defense of, and the enforcement of any rights and remedies in connection with this Action and any appeals thereto or as otherwise ordered by the Court, and specifically (and by way of example and not limitation) may not use Designated Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this Action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order will prevent any person subject to it from producing any Designated Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the Producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing party deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court shall follow the Court's Individual Practices in Civil Cases and shall provide notice of such intent to all Parties. All persons producing Designated Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Designated Material submitted to the Court or presented in connection with any motion,

application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. A Party intending to file with the Court any Designated Material produced by another Party or non-party shall provide the Producing party with at least five (5) business days' notice before filing, identifying the Designated Material to be filed, so that the Producing party may seek sealing or redaction in accordance with the Court's Individual Practices in Civil Cases. The Parties will confer about whether such Designated Material should be filed under seal or in redacted form. If the Parties cannot come to an agreement, the Party requesting sealing or redaction shall ~~initiate a telephone call to the Court and/or~~ submit a request for a conference in accordance with the Court's Individual Practices in Civil Cases. This process shall not be construed to limit the Court's power to decide whether a document can be filed under seal. The Parties will use their best efforts to minimize such sealing. In the event that the Court denies a request to file under seal or in redacted form, the filing Party may file the Designated Material without being deemed in violation of this Protective Order.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Designated Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only, and such notice shall not limit the Parties' use of Designated Material hereunder.

17. Each person who has access to Designated Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material including, without limitation, Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in

discovery. In the event that the person receiving PII or Designated Material experiences a data breach, she, he, or it shall immediately notify the Producing party of the same and cooperate with the Producing party to address and remedy the breach. If a party discovers it has inadvertently disclosed Designated Material in a manner violative of this Order, it shall promptly notify the Producing party, explain the circumstances surrounding such inadvertent disclosure, and take all reasonable steps to limit any further improper disclosure and to clawback such information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this Action, including the exhaustion of appeals, all Designated Material, and all copies thereof, shall be either destroyed or promptly returned to the Producing party, and all persons who possessed such material shall verify in writing its return or destruction. Notwithstanding the foregoing, counsel for the Parties may keep a copy of Designated Material in its physical or electronic file related to this matter. However, those documents must be kept confidential by counsel and must be treated in accordance with this Protective Order.

19. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court and/or sanctions as the Court deems appropriate. ~~This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.~~

20. This Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21. Each Party consents to the submission of this Protective Order to the Court to be "So Ordered," following the execution by counsel.

**SO STIPULATED AND AGREED.**

Dated: October 19, 2026
White Plains, New York

**SPRINGFIELD, INC.**

By: /s Charles J, Meyer
Charles J. Meyer
Email: cjmeyer@uspatent.com
Scott J. Collins
Email: scollins@uspatent.com
WOODARD, EMHARDT, HENRY, REEVES & WAGNER, LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile

Daniel J. Schneider, DS7366
Marc P. Misthal, MM6636
Offit Kurman, P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
T 212.545.1900
daniel.schneider@offitkurman.com
marc.misthal@offitkurman.com

***Attorneys for Plaintiff and Counterclaim Defendant***

**KIMBER MFG., INC.**

By: /s Jeffrey I. Kaplan
Jeffrey I. Kaplan, Esq. (JK4706)
Michael R. Gilman, Esq. (MG7608)
mgilman@kbsiplaw.com
KAPLAN BREYER SCHWARZ LLP
317 George Street, Suite 320
New Brunswick, NJ 08901
jkaplan@kbsiplaw.com
(732) 578-0103, ext. 231
mgilman@kbsiplaw.com
(732) 578-0103, ext. 233

***Attorneys for Defendant and Counterclaim Plaintiff***

**So Ordered.**

ANDREW E. KRAUSE
United States Magistrate Judge

Dated: October 20, 2026
White Plains, New York